# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THE SHTARK INVESTMENT GROUP, LLC,**

                **Plaintiff,**

**-vs-**                                                                **Case No. 6:12-cv-1365-Orl-37KRS**

**NEVIOT NATURE OF GALILEE LIMITED,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration *sua sponte* based upon the Court's review of the case for subject-matter jurisdiction. The United States Court of Appeals for the Eleventh Circuit has instructed district courts "to initiate an inquiry into our subject-matter jurisdiction whenever we become concerned that it may not exist." *Gilchrist v. State Farm Mut. Auto. Ins. Co.*, 390 F.3d 1327, 1330 (11th Cir. 2004).

      In the present case, Plaintiff, The Shtark Investment Group, LLC ("Shtark, LLC"), filed a complaint against Defendant, Neviot Nature of Galilee Limited ("Neviot Limited"), alleging breach of contract and unjust enrichment. Doc. No. 1. Shtark, LLC contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides district courts with subject-matter jurisdiction over all civil actions in which the matter in controversy exceeds the value of $75,000 and the parties are citizens of a state and citizens or subjects of a foreign state. The factual allegations of the complaint, however, are deficient with regard to the citizenship of the parties.

Shtark, LLC alleged that it is "a Florida limited liability company organized pursuant to the laws of the State of Florida with its principal place of business in Seminole County, Florida. Its members reside in Florida." *Id.* ¶ 3. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Accordingly, if the members of Shtark, LLC are individuals, their citizenship is their domicile, not merely their place of residence. If any of the members of Shtark, LLC are not individuals, their citizenship must be alleged in the manner required for each entity member.

Shtark, LLC alleged that Neviot Limited is a "privately owned limited company," "organized under the laws of the State of Israel," with its "principal place of business . . . in Lod, Israel." Doc. No. 1 ¶ 4. Shtark, LLC did not allege whether Neviot Limited is in the nature of a corporation or in the nature of a limited liability company. These allegations are necessary to determine the citizenship of Neviot Limited.

In its answer, Neviot Limited stated that it is a "limited liability company organized under the laws of Israel . . . ." Doc. No. 15 ¶ 4. In response to a supplemental briefing order, Neviot Limited stated that "each member of Neviot Nature of Galilee is an Israeli citizen." Doc. No. 20. This information is still insufficient to resolve the question of Neviot Limited's citizenship. First, it is not clear whether the members of Neviot Limited are individuals or entities. If they are individuals, further information is required because §1332(c)(2) provides that this Court does not have original jurisdiction of an action between citizens of a state and citizens or subjects of a foreign state "who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

"[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'"

*Taylor*, 30 F.3d at 1367 (quoting Fed. R. Civ. P. 8(a)). Because Shtark, LLC has not alleged sufficient facts in the complaint to demonstrate that this Court may exercise diversity jurisdiction, I **RESPECTFULLY RECOMMEND** that the complaint be **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction, and that Shtark, LLC be given leave to file an amended complaint that affirmatively alleges facts demonstrating the existence of diversity jurisdiction within the time required by the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 19, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy