**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

THE SHTARK INVESTMENT GROUP,
LLC,

      Plaintiff,

vs.                                             Case No. 6:12-cv-1365-Orl-37KRS

NEVIOT NATURE OF GALILEE
LIMITED,

      Defendant.

## ORDER

This cause is before the Court on the following:

1. Complaint (Doc. 1), filed September 7, 2012;

2. Report and Recommendation (Doc. 24), filed February 19, 2013; and

3. Plaintiff's Objection to Report and Recommendation Dated February 19, 2013 (Doc. 25), filed March 5, 2013.

Magistrate Judge Karla R. Spaulding recommended that this Court dismiss the Complaint without prejudice because Plaintiff has not sufficiently demonstrated the existence of subject-matter jurisdiction on the face of the Complaint. (Doc. 24, p. 3.) The averment that Defendant is a "privately owned limited company" which is "organized under the laws of the State of Israel" (Doc. 1, ¶ 4) creates an uncertainty as to whether Defendant is a corporation or a limited liability company (LLC). This ambiguity suggests the possible absence of diversity jurisdiction. The Court agrees with the Magistrate Judge's conclusion.

Plaintiff is undoubtedly an LLC. Plaintiff alleges that its members are Florida

residents. (*Id.* ¶ 3.) However, Plaintiff must aver with specificity both the identity and specific state of citizenship (not merely the residence) of each of the LLC's members.

As to Defendant, Plaintiff's Objection concedes that its citizenship is "a bit more muddled." (Doc. 25, p. 1.) However, Plaintiff maintains that the allegations in the Complaint are sufficient to support diversity jurisdiction with regard to Defendant's citizenship. (*Id.*) The Court disagrees.

If Defendant is indeed a foreign corporation, then the allegation that it is incorporated under Israeli law and has its principal place of business in Israel would be enough to show complete diversity from Plaintiff's LLC whose members are (apparently) Florida citizens. However, if Defendant is actually an LLC, then its individual members' identities, citizenships, residences, *and* domiciles would need to be alleged in the Complaint. The alienage jurisdiction requirement of 28 U.S.C. § 1332(a)(2) provides that diversity is destroyed if subjects of a foreign country, lawfully admitted for permanent residence in the United States, are domiciled in the same state as Plaintiff. Therefore, if Defendant is an LLC and any of its members are lawful permanent U.S. residents domiciled in Florida, then there would not be complete diversity with the members of Plaintiff's LLC, who are also Florida citizens.

Consequently, Plaintiff must replead and affirmatively allege facts to support whether Defendant is a foreign corporation or an LLC, and the required accompanying citizenship information. Plaintiff must also allege its own citizenship with particularity as set forth above. Information provided in response to the Court's requests for supplemental briefing, while helpful, does not cure the deficiency in the Complaint, which must contain sufficient facts to support subject-matter jurisdiction on its face.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection to Report and Recommendation Dated February 19, 2013 (Doc. 25) is **OVERRULED**.

2. Magistrate Judge Spaulding's Report and Recommendation (Doc. 24) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction.

4. Plaintiff has leave to file an amended complaint that complies with the strictures of this Order on or before Tuesday, **April 9, 2013**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 20, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Honorable Karla R. Spaulding